J-S04009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY D. NUNEMAKER | : | |
| | : | |
| Appellant | : | No. 1130 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 20, 2020
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000597-2019

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:               **FILED: MAY 28, 2021**

Appellant, Troy D. Nunemaker, appeals his judgment of sentence entered on August 20, 2020 in the Criminal Division of the Court of Common Pleas of Adams County.  We affirm.

At the conclusion of a bench trial on May 27, 2020, the trial court found Appellant guilty of the following offenses:  driving under the influence (DUI) – general impairment (75 Pa.C.S.A. § 3802(a)(1)), DUI – high rate (75 Pa.C.S.A. § 3802(b)), and driving on right side of roadway (75 Pa.C.S.A. § 3301(a)).[1]  Thereafter, on August 20, 2020, the court sentenced Appellant

_____

[1] The trial court found Appellant not guilty of minimum speed regulation, 75 Pa.C.S.A. § 3364(a).

to serve six months' probation subject to restrictive DUI conditions, including seven days on house arrest.[2]

On September 16, 2019, prior to his bench trial, Appellant filed a motion to suppress evidence claiming that Gettysburg Borough Police Officer Shannon Hilliard possessed neither probable cause nor reasonable suspicion to effectuate the traffic stop which led to Appellant's arrest on DUI charges. The court convened a hearing to resolve Appellant's motion on October 21, 2019. Based upon the testimony introduced at the hearing, the trial court made the following findings of fact.

1. [Officer Hilliard] is employed as a [p]olice [o]fficer with the Gettysburg Borough Police Department. Officer Hilliard has been employed with the Gettysburg Borough Police for [five] years and has been a [p]olice [o]fficer for 13 years.

2. Officer Hilliard testified that he has approximately 700 DUI arrests as the lead officer and assisted with an additional 200 DUI arrests in a supporting role.

3. On December 23, 2018, Officer Hilliard was on patrol in full uniform in a marked police car in Gettysburg Borough in Adams County.

4. At 1:45 [a.m.,] Officer Hilliard was following a blue Ford F-150 traveling east bound on East Middle Street in the first block off Baltimore Street.

5. Officer Hilliard observed the F-150 gradually drift across the yellow center line, with one-third of the vehicle in the opposite lane of traffic. Officer Hilliard noted that there were no vehicles

---

[2] Appellant's conviction for DUI – general impairment merged with his conviction for DUI – high rate for sentencing purposes. The court imposed a fine for Appellant's driving on right side of roadway conviction.

- 2 -

in the opposing lane of traffic nor were there any road obstructions causing the F-150 to have to leave its lane of [travel].

6. [Appellant] drove with one-third of his vehicle in the opposing lane for three-quarters of the block, and at the intersection with Stratton Street, Officer Hilliard observed the F-150 fail to stop properly at the stop sign with the front of the F-150 stopped over the crosswalk lines.

7. The truck again drifted over the center line and Officer Hilliard continued to observe the F-150 drive with one-third of it across the yellow center line during half of the next block until the F-150 stopped in the middle of the road. The F-150 then straddled the yellow center line for approximately five to [10] seconds without moving.

8. At that point, Officer Hilliard initiated his emergency lights and made contact with the driver of the F-150, [Appellant].

9. Officer Hilliard testified that his reasons for making contact with [Appellant] were because [Appellant] was obstructing traffic, and based on the totality of circumstances, he suspected [Appellant] could have been [driving under the influence] of alcohol or drugs.

Trial Court Opinion, 10/22/19, at 1-2 (not paginated).

Based upon the foregoing facts, the trial court determined that Officer Hilliard possessed sufficient grounds to effectuate a traffic stop. Specifically, the court concluded that Officer Hilliard had reasonable suspicion to initiate a traffic stop to investigate suspected DUI offenses and, alternatively, the officer had probable cause to conduct a stop of Appellant's vehicle to enforce §§ 3301(a) and 3364(a) of the motor vehicle code. **See** Trial Court Opinion, 10/22/19, at 5 (not paginated).

Shortly before his May 27, 2020 bench trial, Appellant filed a second motion to suppress, alleging he did not validly consent to a blood draw following his December 2018 arrest. In its discretion, the trial court elected to consider Appellant's motion, agreeing to hear relevant testimony during Appellant's bench trial and to dispose of Appellant's motion before rendering its verdict. Relevant to the issue of valid consent, the trial court made the following findings.

> [Appellant was transported to Gettysburg Hospital for a blood draw following his arrest for suspicion of driving under the influence.] Both Officer Hilliard and Officer Jordan Klunk[, also of the Gettysburg Borough Police Department,] testified that Appellant was handcuffed at the hospital [(per Officer Hilliard's regular practice)] when Appellant was read the DL-26(B) form. Officer Hilliard elaborated on this by stating that he keeps defendants handcuffed when they are impaired because he does not feel safe in giving [d]efendants a potential weapon, *i.e.* a pen, to sign the DL-26(B) form. Officer Hilliard stated that because Appellant was handcuffed, Appellant was unable to sign the consent portion of the DL-26(B) form, but Appellant did give his verbal consent [for a blood draw] to Officer Hilliard. Officer Klunk corroborated Officer Hilliard's testimony by stating that Officer Hilliard did read the DL-26(B) form to [Appellant]. Appellant [contradicted] both officers' testimony and stated that [they never] read the DL-26(B) form and that he never consented to have his blood drawn.

Trial Court Opinion, 10/5/20, at 3.

After reviewing the evidence, the trial court credited the testimony given by Officer Hilliard and Officer Klunk and rejected the testimony offered by Appellant. Furthermore, the court determined that, while Appellant was in custody, he was not threatened or coerced, that the DL-26(B) form adequately advised Appellant of his rights, and that the actions of the officers did not

overcome Appellant's will. *Id.* at 6. Consequently, the court concluded that Appellant knowingly, willingly, and voluntarily consented to the blood draw. *Id.*

Appellant filed a timely notice of appeal on September 2, 2020. By order dated September 2, 2020, the court directed Appellant, within 21 days, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on September 17, 2020, preserving the claims developed in his brief to this Court.

Appellant raises two claims on appeal. In his first, he alleges that the trial court erred in denying his initial motion to suppress because the December 2018 vehicle stop was not supported by reasonable suspicion of driving under the influence and because Officer Hilliard lacked probable cause to enforce a violation of the motor vehicle code. *See* Appellant's Brief at 7. In his second claim, Appellant contends that the officers' failure to remove his handcuffs deprived him of the opportunity to read and digest the warnings set forth in the DL-26(B) form and denied him the chance to validly consent to the blood draw. *See id.* at 7 and 18-19.

We have carefully reviewed the certified record, the submissions of the parties, and the opinions authored by the trial court. Based upon our review, we are persuaded that the trial court adequately and accurately addressed the issues raised by Appellant. Accordingly, we affirm Appellant's judgment of sentence for the reasons articulated by the trial court and we adopt its

opinions as our own. In all future court filings regarding the disposition of this appeal, the parties are directed to attach the opinions of the trial court issued on October 22, 2019 and October 5, 2020.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/28/2021